WILLIAM EVERTS *vs.* JOSEPH BOSTWICK, AND OTHERS.

Where the condition of a bond was, that the obligors should pay and discharge a certain mortgage deed, executed by the obligee to a third person, conditioned for the payment of certain promissory notes also executed by the obligee,—it was held in an action brought by the obligee, for a breach of the condition, that it was not necessary for him to produce the notes on trial; and that the bond sufficiently described the notes, though it did not mention the time when they were payable, and described them as being signed by the obligee, when they were in fact signed by him and another person.

In such case the plaintiff may recover, though the non-payment of a note is set up as a breach of the condition, which is not mentioned in the mortgage deed—the mortgage itself not being referred to as a part of the contract, and the bond providing for the payment of the note, and declaring it to be one of the notes secured by the mortgage,

This was an action of debt on a bond with the following condition, viz:

"The condition of the above obligation is such, that if the said Joseph, Anson and Charles D. or either of them, shall well and truly pay, satisfy and discharge, a certain mortgage deed by the said William executed to Jireh Durkee, on the 27th day of December, A. D. 1824, conditioned for the payment of sundry promissory notes, executed by the said William to the said Jireh Durkee, among which the following described notes remain now due and unpaid; to wit, two notes bearing date on the said 27th day of December, 1824, one for the sum of $300, and the other for the sum of $238,23, on which is endorsed, on the day of the date thereof, the sum of $83,68, and both notes payable to said Jireh Durkee, with annual interest from the date thereof until paid; also a certain other note on which the said William confessed judgement in favor of the said Jireh, on the 28th day of February, A. D. 1829, before John C. Thompson, Esq. justice of the peace within and for the county of Chittenden, for the sum of $185,90 in damages, and 25 cents costs of confession, on interest from the date of said judgement until paid; supposed to amount in the whole, with interest to the date hereof, to the sum of $759,41 ; and shall at all times hereafter indemnify, and save harmless the said William from all cost and damage he may sustain in consequence of executing said mortgage and notes, then this obligation to be void, but otherwise of force and effect."

The condition of the mortgage referred to in the above was as follows, viz:

"Provided nevertheless, if the said William Everts, his heirs or assigns, shall well and truly pay, or cause to be paid, unto the said Jireh Durkee five certain notes in writing, bearing date the 27th day of December, A. D. 1824, for the sum of $238,23 each; the first payable within one year from date, the second payable within two years from date, the third payable within three years from date, the fourth payable within four years from date, and the fifth payable within five years from date, with annual inter-

CHITTENDEN,
January,
1832.
Everts
vs.
Bostwick et al.est thereon ;—and also four certain other notes executed by the said Jireh Durkee to Nathaniel Mayo, bearing date the 28th day of June, A. D. 1823, the first payable on the 28th day of May, 1825, the second on the 28th day of May, 1826, the third on the 28th day of May, 1827, and the fourth on the 28th day of May, 1828, with annual interest—these four last described notes being the notes payable to said Mayo, described in the deed of this date from said Durkee to said Everts—according to the tenor thereof, then this instrument to be void, but otherwise, to he and remain in full force and virtue."

The plaintiff on trial before the court, offered in evidence the following note, viz :

$300                              " *Burlington, Dec.* 27, 1824.

For value received we jointly and severally promise to pay Jireh Durkee or order three hundred dollars within five years from date with annual interest.

*Wm. Everts.*

Witness, Lyman Cummings.                    *Benjamin Bishop*."

To this the defendants objected, on the ground that it was not included in the mortgage aforesaid, nor in the condition of the bond : but the court overruled the objection, and admitted the note in evidence. The plaintiff offered to prove that Bishop signed the note as surety for Everts ; to which the defendants objected ; but the court admitted the evidence. The court rendered judgement for the plaintiff for $         damages. The case having been reserved for the opinion of this Court,

*Bailey* and *Marsh, for the defendant*, contended, I. That the bond was plainly designed as a bond of indemnity against the mortgage, and the notes included in the condition of the mortgage only. The notes are described as specified in the condition, and are not mentioned in the bond except in connexion with the mortgage. The plaintiff, therefore, ought not to have recovered for the note offered in evidence, unless it appeared that it was connected and secured by the mortgage. The mortgage was the deed of the plaintiff, and conclusive on him, and he cannot be permitted to alter, restrict, or enlarge, the condition of it for his own benefit.

II. The note produced in evidence did not sufficiently appear to be the note intended in the bond. The description of the note in the bond is plain and certain, and it not appearing that there were two notes to which the description might apply, there was no latent ambiguity in the case. If the note was so insufficiently described, that it did not appear what was meant, then it was a

patent ambiguity, and, of course, parol evidence ought not to have CHITTENDEN, January, been received to explain it.   But there was in truth no ambiguity 1832. of any sort.   The note is described as dated 27th Dec. 1824, Everts and given for the sum of $300, and executed by the plaintiff to Bostwick et al. vs. Jireh Durkee ; no time of payment is mentioned, and, of course, the law would adjudge it to be payable immediately.  But the note read in evidence is payable in five years.   The note described is the note of the plaintiff.   The note read in evidence is the joint note of plaintiff and another.  The note produced then,and the parol evidence admitted, went to contradict the instrument declared on, and were therefore inadmissible.

*Richardson, contra.*—1.  The plaintiff says he ought not to be barred from having judgement in this case ; for that although the note produced in evidence, as per bill of exceptions, is joint and several, still it is the note of the plaintiff; for in law, a joint and several note may be taken to be either joint or several, and prosecuted as such against one or both signers.

2.  It was agreeably to the principles of law to show, that Bishop signed the note as surety, and the decision of the court admitting the evidence was in conformity with those principles.

3.  If it was fairly the intention of the parties to the bond to include this note, the court will not be very nice, in sustaining the judgement of the court below,and enforcing by a liberal construction. the intention of the parties.   And that such inference is legitimate, the Court have only to examine the date and amount of the note, and compare them with that described in the condition of the bond, to arrive at such conclusion.

PHELPS, J.—The exception to the decision of the court below, in admitting the note in question, as evidence in the case, is founded on a supposed variance between the note offered and that described in the condition of the bond declared upon.   The question is not as to the identity of the note, as a question of fact, but whether the note offered is to be taken, by legal intendment, to be another and different note from that described in the contract.

Should it be found, that the exception is well founded in this particular, it would be well to inquire, how far the error of admitting it, as evidence, affords a ground for reversing the judgement.  The expression in the contract, that the defendants " shall well and truly pay, satisfy, and discharge, a certain mortgage deed," admits of no other construction, than, that they shall pay the

CHITTENDEN,
January,
1832.

Everts
vs.
Bostwick et al.
debt secured by the mortgage; and, as the contract proceeds to describe the several notes secured by the mortgage, and to be paid by the defendants, the reference to the mortgage may be regarded as mere matter of description; and the contract may be considered as simply a contract to pay the notes there designated. It is clear that this contract is broken, if the notes are not paid by the defendants when they become payable, and that it is not necessary, that the plaintiff should have paid them, in order to sustain his action. The contract being proved, the *onus probandi* rests with the defendants, and, if performance is relied on as a defence, the production of the notes, by them, would tend to support that defence. But it is equally clear, that, as the existence of the notes, as well as the obligation to pay them, is admitted by the bond, it is not necessary for the plaintiff to produce either notes or mortgage. The case bears no analogy to the action of ejectment on mortgage, where, for obvious reasons, it is necessary to produce the note on which the mortgage is predicated. Had the evidence therefore been rejected, the defendants would still have been under the necessity of shewing performance; and if no evidence to that effect were offered, judgement must have passed against them. The error therefore, if error there be, is wholly immaterial. It is an instance of the exhibition of unnecessary evidence on the part of the plaintiff, and evidence in no wise prejudicial to the defendants.

If, however, we regard the decision of the court below as important, it will be found that the exception is not well founded.

The objection to the evidence was that the note was variant from that described in the condition of the bond. Upon a comparison of the two instruments, it is found, that the note is correctly described in the bond, except that the time when the note became payable is not there specified. This is an omission merely of one particular, but such an omission is not a variance. There is enough to identify the note, and when the note is produced, it answers the description. There is no discrepancy nor any difference, except that the note is not as fully described as it might have been. It is true, that, where a note does not express any time of payment, the law intends that it is payable on demand: but this inference of law is rebutted, in this case, by the production of the note. The law makes no such intendment, in a case like this, for the mere purpose of creating a variance, and defeating the intention of the parties. Nor is there any reason, in such a case, for any such intendment. The note is sufficiently identi-

fied, and may be referred to, to supply any omitted particular; and the supplying it produces no contradiction, and no variance. In the case put, there is the strongest reason for making the intendment : it becomes necessary to perfect a contract, and carry into effect the intention of parties. But to apply such an intendment here, would be to create artificial difficulties, in the way of justice, for no better purpose than the mere exercise of ingenuity.

CHITTENDEN, January, 1832.

Everts vs. Bostwick et al.

It is further objected, that the note produced is signed by W. Everts and B. Bishop, whereas the bond describes the note of W. Everts. The remarks already made are applicable here. This is another particular in which the description of the instrument is silent, but it cannot be necessary, to the purpose of this description, to include every particular. Besides, the mortgage was executed by Everts alone, and the note in question, being joint and several, is well described as executed by him, although it was signed by Bishop also ; especially as the latter signed as surety merely.

It is also urged, that this note is not described in the mortgage. This is true ; but it is to be observed, that the mortgage is not made, by the reference, a part of the contract. The condition of the bond expressly provides for the payment of the note in question ;—and it becomes therefore immaterial, whether it be secured by the mortgage or not.

But if it were material, a very satisfactory answer to the objection is furnished by the bond itself. The bond not only provides for the payment of this note, but declares it to be one of the notes secured by the mortgage : the defendants are therefore estopped by the bond, from denying the fact.

Judgement affirmed.